No. 13,630.

ROBESON ET AL. *v.* BENNETT.
(56 P. [2d] 34)

Decided March 16, 1936.

Mr. GEORGE A. CROWDER, Mr. RICHARD M. LEE, for plaintiffs in error.

Mr. J. W. KELLEY, for defendant in error.

*In Department.*

MR. JUSTICE BURKE, sitting for MR. CHIEF JUSTICE CAMPBELL, delivered the opinion of the court.

THESE parties are hereinafter referred to by name.
Bennett brought this action against Robeson, owner of a building in Idaho Springs, Walthers, county treasurer, and Burns, sheriff, claiming that under pretense of issu-

ing and serving a distraint warrant for the collection of taxes on property located in said building, they ruined his theater business carried on therein. Robeson counterclaimed for illegal possession, failure to repair, and neglect to pay fixed charges. On trial to the court findings were for Bennett, for $750, against Robeson and Burns, and against Robeson on her counterclaim. To review the judgment entered accordingly Robeson, alone, prosecutes this writ. Supersedeas was applied for and denied by the court en banc January 10, 1935. The cause was not at issue here on the merits until October following. The five assignments amount to nothing more than a charge that the judgment is unsupported by the evidence.

February 28, 1931, the owner of the Mines theater in Idaho Springs leased it to Weisbaum and Lind for one year at $100 per month with privilege of renewal for three years from April 1, following. The lease provided for assignment only on written consent by the lessor. June 20, 1932, Robeson became the owner of the property. November 30, 1932, Weisbaum and Lind sublet to Bennett. December 17, 1932, Robeson had written notice that Bennett was running the business. The latter testified that on December 7, 1932, Robeson orally waived the provision for assignment only on written consent. On the date of the assignment Bennett paid the assignors $100 thereon and on the day following paid the balance of $650 as per his contract. He paid rent to Robeson January 1 and February 1. There was in the theater a moving picture machine on which it was claimed taxes were due. The treasurer issued his distraint warrant therefor and the sheriff, in pretended service thereof, padlocked the building with a lock furnished by Robeson. The machine could easily have been removed without destroying Bennett's business. Robeson reopened the theater April 15, 1933, and was still operating it at the time of the trial June 25, 1934.

The first question is, Was the assignment of

the lease to Bennett good? The provision for written consent was for lessor's benefit and could be waived by parol or implied from the facts. 35 C. J., p. 986, §76. Viewing conflicting evidence in the light most favorable to the judgment, as we must, we have no doubt of the validity of the assignment.

Bennett's loss is undisputed and we think the record so clearly establishes Robeson's responsibility therefor that the trial court could not have decided otherwise. Neither the Mines theater nor Bennett owed any taxes. The property subject was erroneously described. It did not belong to Bennett and could and should have been removed without injury to him. Instead, under the guise of this tax levy, his place was closed, his lease ignored, and his business passed into the hands of Robeson. This judgment returns him only his purchase price of which Robeson has secured the full benefit.

It is in evidence that Robeson called on Bennett the day before the levy, demanded an inspection of his lease and assignment, and told him there would be a padlock on the place next day. She discussed the matter with the sheriff the morning the place was closed and before it was padlocked. She testified in the case and her repeated answer, without excuse, is "I don't remember." It is clear from the trial court's findings that he gave her testimony small credence and in this we think he was justified.

This appears to us a simple case of facts found on conflicting evidence and such findings must stand.

The judgment is affirmed.

MR. JUSTICE YOUNG and MR. JUSTICE HOLLAND concur.