No. 14,070.

ROUTT COUNTY MINING COMPANY *v.* STUTHEIT ET AL.
(72 P. [2d] 692)

Decided October 11, 1937.

Mr. RALPH L. CARR, Mr. JOHN G. REID, Mr. JEAN S. BREITENSTEIN, for plaintiff in error.

Mr. GEORGE A. PUGHE, for defendants in error.

*En Banc.*

MR. JUSTICE BAKKE delivered the opinion of the court.

ORIGINAL complaint in ejectment, amended by leave of court to an action to quiet title under a mining lease from the United States on certain lands in Routt county. Plaintiff in error is claiming under an assignment from the lessee Ernest Gwynn, while defendants in error claim under a sheriff's deed based upon a certificate of levy under judgment and execution against Gwynn's interest in the lease. The trial court found for defendants in error, who were plaintiffs below. One Abraham Cohn also claimed an assignment from Gwynn, and was a defendant below, but is not a party here.

There are ten assignments of error but the only one necessary to determine is whether plaintiff in error's

assignment of lease was valid and therefore superior to claim of defendants in error.

The parties will be described as they were in the trial court. The complaint alleged that the plaintiffs were the real parties in interest in case No. 1946 in the district court of Routt county, entitled Ed. Lyman v. Seven Points Coal Company and Ernest Gwynn, in which they (the plaintiffs) had recovered judgment but filed no transcript. On September 15, 1933, an execution was issued on said judgment and the sheriff levied upon the coal lease in question as the property of Gwynn, the certificate of levy being recorded the same day. Sheriff's sale was had on October 21, 1933, and deed issued and recorded in November, 1934.

Defendant in its answer set up a cross complaint based on its assignment from Gwynn. Cohn also filed an answer and cross complaint to the same effect.

The record disclosed that on January 4, 1922, the United States, through the General Land Office of Department of Interior, as lessor, leased the premises in question to Gwynn who mined coal thereon for a number of years. In the spring of 1933 he assigned his lease to Cohn who breached his contract and abandoned the mine. Gwynn then, on August 17, 1933, assigned his lease to one Hastings who in turn transferred his rights to the defendant mining company which applied to the Land Office for approval of the assignment of the lease to it. The commissioner of the land office granted the application for assignment, but Cohn appealed from the decision for reasons which do not appear.

The defendant, the mining company, went into possession under its assignment about the middle of August, 1933, and is still in possession.

One point urged by the plaintiffs is that the sheriff had a right to levy on Gwynn's leasehold interest which is conceded, but the difficulty lies in the fact that their certificate of levy was not recorded until about a month

after the assignment to the defendant mining company, and they had never filed a transcript of their judgment.

Plaintiffs argue, however, that the mining company may not take advantage of the fact of non-recording of a transcript of the judgment because it had actual knowledge of the judgment, and counsel for plaintiffs cites a case from a foreign jurisdiction on this point, but it is not the law here. Until they filed their transcript or made a levy, they had no lien on the real estate. '35 C. S. A., vol. 3, c. 93, §§2, 40 (C. L. §§5898, 5932).

The language we used in *Tilton v. Cofield*, 2 Colo. 392, at page 399, is applicable here. "Purchasers and creditors who acquire an interest in the property during the pendency of the suit are entitled to stand upon the record as it existed at the time such interest was acquired, and, of course, they cannot be supposed to have knowledge of any matter of which the record does not advise them."

A lease of land for a term of years is real estate. *Bonfils v. McDonald*, 84 Colo. 325, 270 Pac. 650; *McKee v. Howe*, 17 Colo. 538, 31 Pac. 115.

All leases of the land office state inter alia that the lease may not be assigned without the consent of the lessor, and the contention of the plaintiffs was and is that the assignment to the mining company by Gwynn of his lease was ineffective because not consented to by the government. On this proposition we say that the plaintiffs cannot complain. Such a provision is for the benefit of the lessor and if he makes no protest, others may not do so. 35 C. J. 979, 1001; *Butler v. Rockwell*, 14 Colo. 125, 23 Pac. 462; *Robeson v. Bennett*, 98 Colo. 272, 56 P. (2d) 34.

It follows, therefore, that as far as the plaintiffs are concerned the assignment from Gwynn to the defendant mining company is valid. We give no consideration to the plaintiffs' vague assertions of fraud or collusion because they are not pleaded.

The trial court's desire to protect the claims for labor,

258

which were apparently the basis for the judgment in its case No. 1946 is commendable but is de hors the record here.

Our conclusion, therefore, is that the judgment of the trial court must be reversed and the cause remanded with instructions to quiet the title under the lease in the defendant, the Routt County Mining Company, a corporation. It is so ordered.

Mr. Justice Bouck concurs in the conclusion.