## No. C-724

**In Re the Marriage of Judith Ousley Gardella and John Raymond Gardella**

(547 P.2d 928)

Decided March 29, 1976.

Irvin L. Mason, for petitioner.

Pendleton, Sabian, Guthery and Lewis, P.C., D. Craig Lewis, for respondent.

*En Banc.*

MR. CHIEF JUSTICE PRINGLE delivered the opinion of the Court.

This is an action for dissolution of marriage and for a determination of the related issues of custody of children, child support, maintenance, property division, and attorney's fees. The petitioner, Judith Gardella, appealed portions of the trial court's decree to the Court of Appeals. The Court of Appeals dismissed the appeal. *In re the marriage of Gardella and Gardella*, 36 Colo. App. 53, 536 P.2d 862 (1975). We granted certiorari and now reverse and remand with directions.

On May 14 and 15, 1974, trial was held on all the issues raised by John Gardella's (respondent) Petition for Dissolution and the petitioner's Response. The judge indicated that he would take the issues under advisement.

The clerk of the trial court made a notation dated May 15, 1974, on the court's judgment docket which indicates that a decree of dissolution of marriage was entered that day. However, the written decree of dissolution was not filed in the district court until May 28, 1974. As part of the decree, the trial judge made written findings and orders determining the issues of custody of children, child support, maintenance, property division, and attorney's fees. Despite the fact that these findings and orders were not filed until May 28, 1974, they were dated as of May 15, 1974. No entry was ever made on the trial court's judgment docket relating to the is-

sues of custody, child support, maintenance, property division and attorney's fees.

On June 25, 1974, petitioner filed a motion for a new trial in the trial court. In her motion, petitioner stated that the final judgment of the trial court had not been entered on the judgment docket and stated that she was filing her motion on the assumption that entry of judgment would be made upon the court's receipt of the motion.

On July 22, 1974, the trial court ordered the motion for a new trial stricken from the record on the ground that it had not been timely filed in compliance with C.R.C.P. 59(b). The Court of Appeals agreed with the trial court and dismissed petitioner's appeal since the jurisdictionally required motion for a new trial had not been timely filed.

## I.

The Rules of Civil Procedure provide, and we have repeatedly held, that the timely filing of a motion for a new trial is a jurisdictional prerequisite to the taking of an appeal. C.R.C.P. 59(f); *see, e.g., Reuckhaus v. Snow*, 167 Colo. 51, 445 P.2d 577 (1968). The purpose of a motion for a new trial is to enable the trial court to correct any errors it might have made in the course of the proceedings. *Minshall v. Pettit*, 151 Colo. 501, 379 P.2d 394 (1963).

C.R.C.P. 59(b) provides that "[a] motion for a new trial shall be filed not later than ten days after the entry of the judgment, . . ." In order to fairly and accurately determine when the ten day period of Rule 59(b) begins, it is essential to establish a date certain. C.R.C.P. 58(a)(3) provides that "the notation of a judgment in the register of actions as provided by Rule 79(a) constitutes the entry of judgment; and the judgment is not effective before such entry."

Read together, the Rules provide that a motion for a new trial must be filed not later than ten days following the notation of judgment in the trial court's register of actions (or judgment docket). *City and County of Denver v. Just*, 175 Colo. 260, 487 P.2d 367 (1971).

## II.

The trial court's action in the instant case of relating back the matters decided on May 28 to the May 15 entry on the judgment docket had the effect of extinguishing the petitioner's right to appeal from the determinations made on May 28. Under these circumstances, the ten day period of C.R.C.P. 59(b) expired before the remaining issues in the case had even been determined by the trial court. This result contravenes the right of appeal granted by the Colorado Constitution. Art. VI, Section 2(2). *See also* C.A.R. 1.

C.R.C.P. 58(a)(2) requires that "upon a decision by the court granting . . . relief . . . , the court shall promptly prepare a written form of the judgment, and the clerk shall thereupon enter it on the register of actions as provided by Rule 79(a)." This latter rule requires the trial court to en-

ter or direct entry of judgment on the court's register of actions (or judgment docket) when the issues raised in the litigation are finally determined by the court.

The record on appeal in the instant case indicates that there has not been any notation on the judgment docket to reflect the determination of the matters the petitioner wished to appeal. We think that the trial court should have, at the latest, entered judgment on the judgment docket on the day that it was apprised of its failure to do so by the petitioner's motion for a new trial.

Because of the possibly severe consequences of a trial court's failure to enter judgment on the judgment docket when it is required and requested to do so, we think it is proper to order the trial court to enter judgment *nunc pro tunc* as of the date that the petitioner made her request for entry of judgment in her motion for a new trial.

The judgment is reversed and the case is remanded to the Court of Appeals with directions to return it to the trial court. The trial court shall be directed to enter judgment *nunc pro tunc* as of the date that the petitioner filed her request for entry of judgment in her motion for new trial. The trial court should then proceed to hear the motion for new trial. If the trial court denies the motion the record shall be recertified to the Court of Appeals without the necessity of any further notice of appeal. The Court of Appeals shall then consider the merits of the appeal without further briefs or argument unless that court determines that further argument is necessary.

MR. JUSTICE KELLEY does not participate.