MR. CHIEF JUSTICE PRINGLE
delivered the opinion of the Court.
This matter is before us in an original proceeding wherein we issued a rule to show cause why a motion for new trial filed by petitioner should not be heard on its merits by the respondent judge. We now make the rule absolute.
Petitioner and his wife were engaged in dissolution of marriage proceedings before the respondent judge. On January 20, 1977, the respondent made oral findings with respect to final orders in the case and ordered counsel to reduce them to writing. On February 2, 1977, counsel for the wife submitted a draft order to the respondent which petitioner’s counsel approved as to form only. On February 8, 1977, the trial court signed the order but petitioner’s counsel was not advised of this occurrence.
Some time thereafter, although the date is not certain since no notation was made, the clerk entered the order into the registry of actions. At a later hearing, the court found that the entry was made not later than February 11, 1977. For the purpose of the matter at issue here, we, therefore, use February 11 as the date of entry of judgment.
On February 14, petitioner’s counsel was advised by the clerk that the order had not yet been entered. However, on February 22, petitioner’s counsel received a telephone call from counsel for the wife who, in the course of the conversation, advised petitioner’s counsel that the order had been signed on February 8.
Petitioner’s counsel immediately went to respondent’s chambers and requested an extension of time to file a motion for a new trial. Respondent denied the request for extension solely on the grounds that he had no *298 jurisdiction to grant the extension because ten days had expired since the entry of the judgment. The trial court was in error.
As we have pointed out in In Re the Marriage of Gardella, 190 Colo. 402, 547 P.2d 928 (1976) and Poor v. District Court, 190 Colo. 433, 549 P.2d 756 (1976), the time for filing a motion for a new trial or obtaining an extension begins to run from the date of the entry of judgment in the registry of actions. That date under the circumstances of this case, as we have pointed out, must be taken as February 11. Since February 19, 20, and 21 were statutory judicial holidays, the ten-day period within which the court had jurisdiction to grant an extension of time for filing the motion for new trial expired on February 22. Counsel appeared on that date and asked for the extension presenting the fact that he had received no notice prior to that date that the order had been entered and had, in fact, been informed as late as February 14 that no order had been entered. Under such circumstances, jurisdiction to grant the extension was present, and, since proper cause for granting such extension was also present, we direct the trial court to hear and determine the motion for new trial in this case on its merits.
The rule is made absolute.
MR. JUSTICE LEE does not participate.