959 P.2d 560 (1998)
125 N.M. 224
1998-NMCA-068
WALTER E. HELLER WESTERN, INC., Plaintiff-Appellee,
v.
Gary Keith DITTO, Defendant-Appellant.
No. 18392.
Court of Appeals of New Mexico.
April 2, 1998.
Certiorari Denied May 11, 1998.
Kenneth C. Downes, Kenneth C. Downes & Associates, P.C., Albuquerque, for Appellee.
W.T. Martin, Jr., Martin & Shanor, Carlsbad, for Appellant.
*561 WECHSLER, Judge.
{1} Walter E. Heller Western, Inc. (Heller Western) obtained a judgment against Gary Keith Ditto (Ditto) in the United States Bankruptcy Court for the District of New Mexico on August 18, 1982. On August 13, 1996, Heller Western filed a complaint in the Bernalillo County District Court to revive the judgment alleging that the judgment remained fully undischarged and unpaid. Ditto filed a motion to dismiss for lack of subject-matter jurisdiction on the basis that an action for revival of a judgment must be brought in the original action in the court which rendered the judgment. The district court denied Ditto's motion and revived the judgment. We review the procedure for reviving a foreign judgment and reverse the district court's order.
{2} An interested party may execute upon a judgment within seven years of the rendition of the judgment. See NMSA 1978, § 39-1-20 (1971). The judgment holder may not execute on the judgment after that period unless it has sought and obtained district court revival of the judgment. See id.; Fischoff v. Tometich, 113 N.M. 271, 273-74, 824 P.2d 1073, 1075-76 (Ct.App.1991). Revival extends the time to execute upon the judgment for an additional seven years. See § 39-1-20; Fischoff, 113 N.M. at 275, 824 P.2d at 1077.
{3} The limitation period for bringing an action upon a judgment is contained in NMSA 1978, § 37-1-2 (1983). When the legislature adopted this limitation period, it repealed the then-existing expedited statutory procedure for reviving judgments with the result that a judgment creditor wishing to revive a judgment must now file a common-law action. See Fischoff, 113 N.M. at 275, 824 P.2d at 1077. The repealed procedure had called for the filing with the clerk of the county in which the judgment was entered. See id. at 274, 824 P.2d at 1076. The new provision is silent as to the court in which the judgment creditor must file the revival action. Heller Western contends that a judgment creditor can maintain a common-law-revival action as any civil action in any district court of the state in which venue is appropriate. To the contrary, Ditto argues that an action to revive a judgment must be brought as part of the original action in which the judgment was rendered in the court rendering the judgment. We do not reach this specific issue because the judgment in this case does not originate from a New Mexico state court. See NMSA 1978, § 39-4A-2 (1989). The judgment is a foreign judgment. See § 39-4A-2 (" `[F]oreign judgment' means any judgment, decree or order of a court of the United States.").
{4} To enforce a foreign judgment in New Mexico, a judgment creditor must first domesticate the judgment in a New Mexico district court. See Galef v. Buena Vista Dairy, 117 N.M. 701, 703-04, 875 P.2d 1132, 1134-35 (Ct.App.1994) (to enforce a sister state judgment, the " `judgment must first be made a judgment in the state [in which] it is to be enforced' ", id. (quoting Restatement (Second) of Judgments § 8 cmt. d, at 86 (1982)). It does so by either: (1) filing a copy of the authenticated foreign judgment with the district court clerk of a county in New Mexico in which the judgment debtor resides or has property or property rights subject to the judgment and conforming with the other requirements of the Foreign Judgments Act, NMSA 1978, §§ 39-4A-1 to -6 (1989, as amended through 1994); or (2) bringing a common-law action to enforce the judgment. See §§ 39-4A-3, -4, and -6.
{5} The domestication process provides the manner in which New Mexico courts recognize judgments of the federal courts, see Stoll v. Gottlieb, 305 U.S. 165, 170, 59 S.Ct. 134, 83 L.Ed. 104 (1938), and give full faith and credit to judgments of other state courts. See Galef, 117 N.M. at 703-04, 875 P.2d at 1134-35. The domestication of a federal judgment in state court rests on principles of res judicata. See Stoll, 305 U.S. at 170-71, 59 S.Ct. 134 (under Article IV, Section I of the United States Constitution, judgments of federal courts sitting in a state have the "same dignity" in the state's courts as the judgments of the state's own courts). Through domestication, a foreign judgment becomes a judgment of a New Mexico district court. See § 39-4A-3 (when properly filed, the district court clerk shall treat the foreign judgment as a state court judgment); *562 Galef, 117 N.M. at 704, 875 P.2d at 1135 (judgment domesticating foreign judgment converts foreign judgment into separate New Mexico judgment). The rights to execute and levy to enforce a foreign judgment in New Mexico derive from the domestication by a New Mexico district court, not by the grant of judgment by the originating foreign court. Once a New Mexico district court has acted on a foreign judgment, litigants need not return to the originating foreign court to litigate issues related to the enforcement of a foreign judgment in New Mexico. See § 39-4A-3 (when foreign judgment is filed under Foreign Judgments Act, New Mexico court has power over proceedings to reopen, vacate, stay, enforce, or satisfy the judgment). Thus, when a foreign judgment is domesticated in a district court in New Mexico, that court has jurisdiction to address and resolve issues concerning the judgment, including revival.
{6} Section 37-1-2 does not, as Western Heller argues, give blanket authority to any district court in which an action may be brought in the state to entertain a revival action. Section 37-1-2 sets the period to revive a New Mexico court judgment at fourteen years from the date of the judgment. It also limits actions to revive judgments of courts of record of other states, United States Territories, and federal courts to the applicable period of limitation within the jurisdiction of the court originating the judgments so long as that period does not exceed fourteen years from the date of the judgment. Section 37-1-2 is a statute of limitations. As such, it establishes a defense to an action. See Galef, 117 N.M. at 704, 875 P.2d at 1135.
{7} Instead, a district court's jurisdiction to revive a foreign judgment arises from its jurisdiction to recognize and domesticate the judgment. Yet, in this case, Heller Western did not avail itself of the domestication procedures of the Foreign Judgments Act or file a common-law action to enforce its bankruptcy court judgment. It did not request the Bernalillo County District Court to grant it judgment recognizing the bankruptcy court judgment. To the contrary, it asked for judgment reviving the bankruptcy court judgment so that it could file a subsequent lawsuit on the revived judgment "in the county and state of Ditto's residence" to execute on the revived judgment.
{8} By such action, it omitted an essential step; it failed to ask the court to domesticate the bankruptcy court judgment. Without domestication, a New Mexico court cannot revive a foreign judgment because the foreign judgment has yet to be recognized as a valid judgment in New Mexico. See § 39-4A-3.
{9} We reverse the order of the district court reviving the judgment of the United States Bankruptcy Court.
{10} IT IS SO ORDERED.
ALARID and FLORES, JJ., concur.