Allan J. ROBBINS, Petitioner

v.

A.B. GOLDBERG, Respondent.

No. 07SC223.

Supreme Court of Colorado, En Banc.

June 9, 2008.

Lohf Shaiman Jacobs Hyman & Feiger P.C., Alan S. Thompson, Denver, Colorado, Attorneys for Petitioner.

Berliner McDonald P.C., Martin M. Berliner, Steven W. McDonald, Greenwood Village, Colorado, Attorneys for Respondent.

Justice RICE delivered the Opinion of the Court.

In this case we address the procedures for revival of a judgment that are set forth in C.R.C.P. 54(h). We hold that when a motion to revive a judgment is filed in sufficient time for the procedures of C.R.C.P. 54(h) to be completed before the expiration of the original judgment, but court delays prevent a revived judgment from being entered before the judgment's expiration, then a revived judgment should be entered nunc pro tunc as of a date the motion could have been decided had there been no court delays.

## I. Facts and Procedural History

On December 31, 1984, judgment was entered in favor of Petitioner Allan J. Robbins against Respondent A.B. Goldberg and a re-

lated party. Robbins was unsuccessful in obtaining satisfaction of the judgment.

A judgment is considered satisfied twenty years after it is entered, "unless revived as provided by law." § 13–52–102(2), C.R.S. (2007). Thus, Robbins's judgment was scheduled to expire on December 31, 2004. According to an affidavit submitted by Robbins's attorneys, on approximately November 11, 2004 they attempted to file a motion to revive his judgment with the court's electronic filing system, but were unsuccessful given the age of the case. Robbins's attorneys contacted the court clerk, who could not activate the case for electronic filing until November 29, 2004. On that date, they electronically filed his motion. Robbins's attorneys then called the trial court's chambers at least twice a week through December 2004 and thereafter to inquire whether the court had taken action on the motion.

On April 19, 2005—more than four months after Robbins filed his motion—the trial court ruled that Robbins's judgment was revived and also ordered the clerk of court to issue a Notice to Show Cause to Goldberg, all purportedly pursuant to C.R.C.P. 54(h).[1]

Upon receipt of the Notice to Show Cause, Goldberg responded that Robbins's judgment was improperly revived without notice to him. Furthermore, he argued that Robbins's judgment could not be revived because pursuant to C.R.C.P. 54(h), a revived judgment must be entered within twenty years after entry of the original judgment, and the trial court did not attempt to enter a revived judgment until after the December 31, 2004 deadline had passed. On July 22, 2005, the trial court adopted Goldberg's reasoning and vacated the revived judgment, concluding that the judgment could not be revived.

Robbins appealed the trial court's order, arguing that the operation of C.R.C.P. 54(h) denied him due process of law because he was deprived of his judgment by circumstances beyond his control: namely, the time it took for the court to activate his case for electronic filing and to rule upon his motion

---

1. C.R.C.P. 54(h) actually requires that upon receipt of a motion to revive a judgment, the clerk should issue a notice to show cause to the debtor, who has ten days to answer the notice. Only after the debtor has answered, or the time to answer has passed, is the trial court to decide whether to revive the judgment.

for revival. The court of appeals affirmed the trial court's order, reasoning that Robbins's judgment would not have expired if he had filed his motion for revival in sufficient time to allow the court to enter judgment before the twenty-year deadline had elapsed. *Robbins v. Goldberg*, No. 05CA1884, slip op. at 7, 2007 WL 416578 at *1 (Colo.App. Feb.8, 2007) (not selected for official publication). We granted certiorari to review the court of appeals' decision.

## II. Analysis

Section 13–52–102(2), C.R.S. (2007), states that a judgment is considered satisfied twenty years after it is entered "unless revived as provided by law." C.R.C.P. 54(h) provides the only other law on the subject of revival:

> To revive a judgment a motion shall be filed alleging the date of the judgment and the amount thereof which remains unsatisfied. Thereupon the clerk shall issue a notice requiring the judgment debtor to show cause within ten days after service thereof why the judgment should not be revived. The notice shall be served on the judgment debtor in conformity with rule 4. If the judgment debtor answer, any issue so presented shall be tried and determined by the court. A revived judgment must be entered within twenty years after the entry of the judgment which it revives. . . .

Thus, the rule contemplates the court clerk promptly issuing a Notice to Show Cause upon the filing of the judgment creditor's motion, followed by a ten-day period for the judgment debtor to answer. Thereafter, the motion is ripe for decision.

■ Here, Robbins attempted to file his motion to revive his judgment more than seven weeks before his judgment was scheduled to expire, and succeeded in filing it almost five weeks before that deadline. In an ideal world where there are no court delays, this should have allowed sufficient time to complete the procedures of C.R.C.P. 54(h) before the judgment expired. However, for reasons that are not apparent in the record, the Notice to Show Cause was not issued when Robbins filed his motion. Rather, it was issued more than four months later, even though Robbins's attorneys had been diligent in bringing this matter to the court's attention through repeated phone calls to chambers. The court's final order, issued after consideration of Goldberg's opposition, was not issued until more than seven months after Robbins filed his motion.

The court of appeals reasoned that Robbins was at fault for allowing his judgment to expire, because he did not file his motion in sufficient time to allow the court to rule upon it before the twenty-year deadline. Though we agree that it would have been preferable for Robbins to have filed his motion earlier, we also recognize that it is often impossible to predict how long a court will take to resolve a matter. The seven-month time period ultimately required for resolution of Robbins's motion would not necessarily have been foreseeable to even the most experienced litigant or attorney, and circumstances often do not allow litigants and attorneys to plan for such lengthy delays.

■ Recognizing these realities, Colorado law makes it clear that litigants generally should not be penalized when court congestion or other administrative delays prevent a court from considering a matter before a legal deadline. For example, section 13–81–107, C.R.S. (2007), provides that statutes of limitation are satisfied by the filing of a case or motion, without regard to when the court concludes the matter:

> If any action or proceeding is begun within the period fixed by the applicable statute of limitations or the periods provided for in this article, then such action or proceeding may be prosecuted to final decision notwithstanding the fact that the period of limitation shall expire after the commencement and during the prosecution of such action or proceeding.

Likewise, our courts have held that provisions in court rules requiring court action within a certain time are generally directory, and not mandatory, unless clearly stated otherwise, or unless disregarding the limitation would deleteriously affect public interests or private rights. *See People v. Osorio*, 170 P.3d 796, 798 (Colo.App.2007), *cert. denied*, 2007 WL 4099193 (Colo. Nov.19, 2007).

Given this context, it is sufficiently clear that C.R.C.P. 54(h) was not intended to deprive litigants of a judgment simply because of court delays, nor was it designed to re-

quire litigants and attorneys to plan for delays such as those experienced in this case. Our case law instructs that in cases such as this, the proper procedure is for the court to enter judgment nunc pro tunc as of a date the matter could have been decided before the expiration of a legal deadline. For instance, in *In re Marriage of Gardella*, the trial court failed to properly enter judgment, and the aggrieved party was therefore denied the opportunity to make a motion for a new trial before the relevant deadline. 190 Colo. 402, 405, 547 P.2d 928, 930 (1976). Noting "the possibly severe consequences of a trial court's failure to enter judgment on the judgment docket when it is required and requested to do so," we ordered the trial court to enter judgment nunc pro tunc as of the date the aggrieved party requested entry of judgment and simultaneously filed its motion for a new trial. *Id.*

The same result should apply here. Had the procedures of C.R.C.P. 54(h) been followed in a timely manner, Robbins's motion for revival of his judgment would have been ripe for entry of judgment before the rule's twenty-year deadline elapsed. Because court delays would otherwise cause the severe consequence of the expiration of Robbins's judgment, entry of judgment nunc pro tunc as of a date before the twenty-year deadline is both appropriate and required. *See Perdew v. Perdew*, 99 Colo. 544, 547, 64 P.2d 602, 604 (1937) (providing that judgment nunc pro tunc may be entered "where the cause was ripe for judgment and one could have been entered at the date to which it is to relate back, provided this failure is not the fault of the moving party"). In issuing today's opinion we overrule the court of appeals' decision in *Mark v. Mark*, 697 P.2d 799 (Colo.App.1985), which is contrary to the holding we issue today.[2]

### III. Conclusion

The judgment of the court of appeals is reversed, and the case is remanded to the court of appeals with instructions to remand the case to the trial court for a hearing to determine whether Goldberg has any valid defenses to Robbins's motion for a revived

judgment besides those addressed in this opinion. If the trial court determines that Goldberg has no such valid defenses, it shall enter a revived judgment in Robbins's favor, entered nunc pro tunc as of a date Robbins's motion could have been decided. In no event shall a revived judgment be entered as of a date later than December 31, 2004.

---

2. The court of appeals cited its holding in *Mark* in *Santarelli v. Santarelli*, 839 P.2d 525, 526 (Colo.App.1992), but only in dictum. Therefore, it is not necessary to overrule *Santarelli*.