**WELLS FARGO BANK, NATIONAL ASSOCIATION, by assignee, Ann W. Kopfman, Plaintiff–Appellee,**

v.

**William Lynn KOPFMAN and Christine E. Kopfman, Defendants– Appellants.**

No. 07CA1059.

Colorado Court of Appeals, Div. I.

Aug. 21, 2008.

Brown, Berardini & Dunning, P.C., Douglas W. Brown, David C. Walker, Denver, Colorado, for Plaintiff–Appellee.

Sherman & Howard L.L.C., Mark Fulford, Kimberley H. Tyson, Denver, Colorado; Lester, Sigmond, Rooney & Schwiesow, James K. Lester, Alamosa, Colorado, for Defendants–Appellants.

* Sitting by assignment of the Chief Justice under provisions of Colo. Const. art. VI, § 5(3), and

§ 24–51–1105, C.R.S.2007.

Opinion by Judge CONNELLY.

This appeal raises a choice of law issue regarding the procedures required to extend a Colorado judgment lien enforcing an out-of-state judgment domesticated here. The issue arises under Colorado's judgment lien statute (the Act), section 13–52–102, C.R.S. 2007, and the Uniform Enforcement of Foreign Judgments Act (UEFJA), sections 13–53–101 to –108, C.R.S.2007. We hold a judgment creditor seeking to extend a judgment lien beyond the six-year expiration period must follow Colorado procedures by reviving the judgment under Colorado law and then filing a transcript of revived judgment. Because the creditor here did not follow Colorado procedures, the judgment lien has expired. Accordingly, we reverse the district court judgment holding the lien enforceable.

## I. Background

This dispute affects ownership of a golf course in Rio Grande County. Four tenants in common hold equal interests in the property: William Lynn Kopfman (son of the late "Bill" Kopfman), Christine E. Kopfman (William's mother and Bill's first wife); Ann W. Kopfman (Bill's second wife); and the estate of Bill Kopfman.

In October 2006, Plaintiff, Ann Kopfman, paid Wells Fargo Bank $160,000 to acquire a seven-year-old $6.5 million judgment and judgment lien against her late husband's ex-wife and son (the Kopfman defendants). Wells Fargo had obtained this judgment in 1999 from an Arizona state court against a company and four individuals including the Kopfman defendants. Wells Fargo obtained a judgment lien against the Kopfman defendants' Rio Grande County property by domesticating its Arizona judgment in Saguache County District Court and then recording a transcript of judgment in Rio Grande County.

The Kopfman defendants filed for bankruptcy in 1999 after Wells Fargo domesticated its judgment and obtained a judgment lien here. The parties agree this bankruptcy prevents personal recovery against the Kopfman defendants on the Wells Fargo debt but does not discharge the judgment lien on their Rio Grande property.

Unless extended, the Wells Fargo judgment lien would have expired in January 2005, six years after entry of the Arizona judgment. § 13–52–102(1), C.R.S.2007; *Baum v. Baum*, 820 P.2d 1122, 1123 (Colo. App.1991). The six-year life of a Colorado judgment lien may be extended another six years if:

> prior to the expiration of [the original] six-year period, [the] judgment is revived as provided by law and a transcript of the judgment record of such revived judgment, certified by the clerk of the court in which such revived judgment was entered, is recorded in the same county in which the transcript of the original judgment was recorded.

§ 13–52–102(1).

In January 2004, one year before the Colorado judgment lien was to expire, Wells Fargo filed a "Judgment Renewal Affidavit" in an Arizona Superior Court. Under Arizona law, this filing renewed the Arizona judgment for another five years. *See* Ariz.Rev. Stat. §§ 12–1612, –1613. Later that same month, Wells Fargo filed the Arizona affidavit in Colorado with the Rio Grande County Recorder. Wells Fargo did not file another transcript of judgment naming the Kopfmans with the Rio Grande County Recorder.

The district court ruled the 1999 judgment lien was properly extended and could be used to execute on the Kopfman defendants' golf course interests. It concluded the filing of a judgment renewal affidavit with the Arizona court and then with the Rio Grande County Recorder satisfied both Colorado requirements for extending a judgment lien. The first filing, the court stated, properly "revived" the judgment "as provided by law" because it fulfilled Arizona's renewal requirements. The second filing, the court wrote, satisfied the requirement that a transcript of the revived judgment be filed in Colorado because it provided more information than "our stripped-down [Colorado] transcript of record."

The court's conclusion that Wells Fargo properly extended the judgment lien resolved the case. It added, however, that even if the original lien had expired, Plaintiff could re-

vive the judgment in Colorado and then file a revised transcript of judgment with the Rio Grande County Recorder. Doing so, it opined, would create a valid judgment lien under Colorado law enforceable despite the bankruptcy discharge granted to the Kopfman defendants in 1999.

## II. Discussion

### A. The judgment lien was not properly revived under Colorado procedural law.

■ The first prerequisite to extending a judgment lien is that it be "revived as provided by law." § 13–52–102(1). We hold a domesticated out-of-state judgment must be revived under Colorado procedural law for a Colorado judgment lien to be extended.

■ The UEFJA provides an out-of-state judgment domesticated in Colorado "has the *same effect* and is subject to the *same procedures* ... as a judgment of the court of this state in which filed and *may be enforced or satisfied in like manner.*" § 13–53–103, C.R.S.2007 (emphases added). A judgment lien is a procedure by which a judgment creditor may "enforce payment" of the judgment. *Mortgage Investments Corp. v. Battle Mountain Corp.,* 70 P.3d 1176, 1181 (Colo. 2003). Accordingly, these provisions subjecting domesticated out-of-state judgments to the "same procedures" as Colorado judgments and allowing them to be "enforced" in a like manner cover judgment liens.

Colorado procedural law should determine the duration of a Colorado lien affecting real property in this state. *See* Restatement (Second) Conflict of Laws § 230(1)-(2) (1971) (law of state in which property is situated usually governs "[w]hether a lien creates an interest in land and the nature of the interest created"). Indeed, Colorado law requires creditors seeking to extend liens beyond six years to "revive" judgments that otherwise would last twenty years. *See* Stephen W. Seifert, 10 *Colo. Prac., Creditors' Remedies—Debtors' Relief* § 7.130, at 76 (2007 Supp.). Requiring a Colorado judgment lien holder to revive an unexpired judgment removes encumbrances unnecessarily hindering transferability of Colorado property. *See* Stephen A. Hess, 5A *Colo. Prac., Colorado*

*Handbook on Civil Litigation* § 11.3(H), at 535 (2007). This interest is one of Colorado law rather than the law of the state in which the original judgment entered.

Colorado Rule of Civil Procedure 54(h) establishes the procedures for reviving a judgment and continuing a judgment lien. *See generally Robbins v. Goldberg,* 185 P.3d 794, 796 (Colo.2008). A motion seeking to revive a judgment must "alleg[e] the date of the judgment and the amount thereof which remains unsatisfied." C.R.C.P. 54(h). Thereafter, a transcript of revived judgment must be properly filed before expiration of the original lien to continue the lien for the same period provided for original judgments. *Id.*

■ Plaintiff claims the original judgment had to be renewed in Arizona, which gives judgments shorter lives than in Colorado. But even assuming it was *necessary* to renew the judgment under Arizona law, this does not mean such renewal was *sufficient* under Colorado law to extend a Colorado judgment lien. The general rule, embodied in the UEFJA, is that "[t]he local law of the forum determines the methods by which a judgment of another state is enforced." Restatement (Second) Conflict of Laws § 99 (1971). Other courts similarly have recognized that domesticated judgments are revivable under the procedures of the state where enforcement is being sought. *See, e.g., Revolution Portfolio, LLC v. Beale,* 332 Ill.App.3d 595, 266 Ill.Dec. 236, 774 N.E.2d 14 (2002) (Illinois trial court properly revived domesticated Florida judgment to enforce it in Illinois); *Walter E. Heller Western, Inc. v. Ditto,* 125 N.M. 226, 959 P.2d 560, 562 (Ct.App.1998) ("when a foreign judgment is domesticated in a district court in New Mexico, that court has jurisdiction to address and resolve issues concerning the judgment, including revival").

### B. The transcript record of a revived judgment was never filed.

Wells Fargo also did not satisfy the second statutory requirement for extending its judgment lien. It did not record "a transcript of the judgment record of [the] revived judgment, certified by the clerk of the court in

which such revived judgment was entered," as required by § 13–52–102(1).

■ By renewing the judgment only under Arizona law, Wells Fargo could not literally have satisfied this second requirement because Arizona requires only a renewal affidavit and provides no transcript of revived judgment. In contrast, under Colorado procedure, a "revived judgment" is "entered" after notice to the debtor and any necessary hearing. C.R.C.P. 54(h). The second statutory requirement underscores why extensions of liens require judgment revival under Colorado rather than out-of-state procedures. Otherwise, the Act would require creditors to do the impossible: obtain and file transcripts of revived judgments from out-of-state courts that do not issue transcripts of revived judgments. Courts should construe statutes to avoid such "illogical" or "absurd" results. *See Flood v. Mercantile Adjustment Bureau, LLC,* 176 P.3d 769, 772 (Colo.2008) (citing cases).

The "substantial compliance" doctrine invoked by the district court disregards the plain statutory language requiring the filing of a transcript of revived judgment. The statutory requirements for obtaining or extending judgment liens, which did not exist at common law, should be "strictly construed." Cathy Stricklin Krendl, 1C *Colo. Prac., Methods of Practice* § 40.3, at 53 (5th ed.2006); *see, e.g., Routt County Mining Co. v. Stutheit,* 101 Colo. 254, 257, 72 P.2d 692, 693 (1937) ("[u]ntil [plaintiffs] filed their transcript or made a levy, they had no lien on the real estate"); *cf. Jayne v. Peck,* 155 Colo. 513, 515, 395 P.2d 603, 604 (1964) (because "remedy of attachment is in derogation of the common law," statutory procedures "must be strictly followed"); *In re Marriage of Mitchell,* 55 P.3d 183, 185 (Colo.App.2002) ("Because the right to an attorney's lien arises only by statute, strict compliance with the statute is necessary.") (citations omitted).

Adopting a substantial compliance doctrine would also inject uncertainty into Colorado real estate records. Here, for example, while the Kopfman defendants challenge the sufficiency of the Wells Fargo judgment renewal affidavit under Arizona law, the affidavit may well have complied with all Arizona procedures for renewing judgments there. Those searching Colorado county records, however, cannot be expected to know the legal nuances and effect of varying procedures in all fifty states. It is precisely because the transcript of judgment, and not some other procedural equivalent, is so critical in Colorado that a judgment creditor has been held entitled to mandamus compelling a clerk to issue the transcript. *See Rocky Mountain Ass'n of Credit Mgmt. v. District Court,* 193 Colo. 344, 346, 565 P.2d 1345, 1346 (1977).

C.  There is no basis for an advisory ruling on whether Plaintiff now could obtain a new judgment lien.

■ The district court finally reasoned that even if the original lien had expired, Plaintiff still could obtain a lien by reviving the judgment in Colorado and then filing a transcript of that revived judgment in Rio Grande County. This, however, was purely an advisory opinion. Whether Plaintiff could obtain a new judgment lien affecting the real property interests of these judgment debtors raises issues not just of Colorado law but also of federal bankruptcy law. There is no basis for deciding those issues at this juncture.

### III.  Conclusion

Plaintiff does not have a valid judgment lien upon which to execute against the golf course property interests of the Kopfman defendants. The judgment of the district court is reversed.

Judge ROTHENBERG and Judge PLANK * concur.

---

* Sitting by assignment of the Chief Justice under provisions of Colo. Const. art. VI, § 5(3), and

§ 24–51–1105, C.R.S.2007.