The slip opinion is the first version of an opinion released by the Clerk of the Court of Appeals. Once an opinion is selected for publication by the Court, it is assigned a vendor-neutral citation by the Clerk of the Court for compliance with Rule 23-112 NMRA, authenticated and formally published. The slip opinion may contain deviations from the formal authenticated opinion.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

Opinion Number:_____

Filing Date: **December 13, 2023**

**No. A-1-CA-40004**

**WV 23 JUMPSTART, LLC,**

Plaintiff-Appellant,

v.

**TIGER W. MYNARCIK; JILL MYNARCIK; ANTIQUA, LLC; and TRADEWIND COMPANIES, LLC,**

Defendants-Appellees.

**APPEAL FROM THE DISTRICT COURT OF SANTA FE COUNTY**
**Francis J. Mathew, District Court Judge**

Ferrance Law, P.C.
David A. Ferrance
Albuquerque, NM

for Appellant

The Simons Firm, LLP
Thomas A. Simons, IV
Frieda Scott Simons
Santa Fe, NM

for Appellees

**OPINION**

**BOGARDUS, Judge.**

{1}    Plaintiff WV 23 Jumpstart, LLC appeals the district court's order granting Defendants' Tiger Mynarcik, Jill Mynarcik, Antiqua, LLC, and Tradewind Companies, LLC's (Defendants) motion for summary judgment and denying Plaintiff's counter-motion for summary judgment. The district court determined that Plaintiff could not domesticate and enforce a California state court judgment against Defendant Tiger Mynarcik in New Mexico because (1) the judgment was a ministerial registration of a Nevada state court money judgment and thus not entitled to full faith and credit in New Mexico; and (2) the original Nevada judgment was expired and could not be registered in New Mexico. Plaintiff contends that the district court erred by failing to give full faith and credit to the California judgment because, under California law, registration of the Nevada judgment in California state court rendered it an original California judgment, which is entitled to full faith and credit in New Mexico. We agree with Plaintiff and reverse.

**BACKGROUND**

{2}    In 2010, a Nevada state court entered a judgment (the Nevada judgment) against Defendants for $1,584,893. The same year, Plaintiff's predecessor in interest registered the Nevada judgment in California (the California judgment), pursuant to California's Sister State Money Judgments Act (SSMJ). *See* Cal. Civ. Proc. Code

§§ 1710.10 to 1712 (West 1974, as amended 2023). Plaintiff was then assigned the rights to collect on the judgment by its predecessor in interest in May 2020. In July 2020, Plaintiff renewed the California judgment in the Superior Court of California, which extended the enforceability of the judgment in California for an additional ten years. *See* Cal. Civ. Proc. Code §§ 683.110 to 683.220 (West 1982, as amended through 2023).

{3}    In November 2020, Plaintiff brought a common law action to domesticate and enforce the California judgment in New Mexico district court. Plaintiff also sought to void the 2017 transfer of property by Defendant Mynarcik to Defendant Antiqua, LLC under the Uniform Voidable Transactions Act (the Act). *See* NMSA 1978, §§ 56-10-14 to -29 (2015). In response, Defendants filed two motions for summary judgment. In the first motion, Defendants argued that the petition to domesticate the foreign judgment was barred by the two-year statute of limitations under Nevada law for fraudulent transfers in accordance with the Act. The district court determined that Defendant's first motion was moot, but granted Defendant's second motion, concluding that the registration of the Nevada judgment in California was "not a personal money judgment rendered by a court, [but] more akin to a writ of execution issued as a ministerial action by the clerk" and thus not entitled to full faith and credit

in New Mexico courts. The district court also determined that the Nevada judgment was expired and could not be registered in New Mexico. Plaintiff appeals.[1]

**DISCUSSION**

{4}     The question before us is whether the California judgment is entitled to full faith and credit under Article IV, Section 1 of the United States Constitution. As we explain, we conclude that it is.

{5}     When no material issues of fact are in dispute and an appeal presents only a question of law, we review the grant of summary judgment de novo. *Cadle Co. v. Seavall*, 2019-NMCA-062, ¶ 6, 450 P.3d 471. Moreover, whether a sister state judgment is entitled to full faith and credit in New Mexico is a question of law that we review de novo. *See Williams v. Crutcher*, 2013-NMCA-044, ¶ 9, 298 P.3d 1184

---

[1]After the appeal was filed and all the briefing was complete, Defendant filed a motion to dismiss the appeal for lack of subject matter jurisdiction and failure to state a claim because the California judgment was preliminarily dismissed pending appeal in the California courts. Defendants sought dismissal without prejudice pending the outcome of the appeal. This Court held the motion to dismiss in abeyance pending the submission of the briefing and the motions to the panel. Before this case was submitted to this panel, the Court of Appeal of the State of California Third Appellate District filed an opinion reversing the lower court's decision and determining that the registration and renewal of the Nevada judgment in California was valid and enforceable. *See WV 23 Jumpstart, LLC v. Mynarcik*, 301 Cal. Rptr. 3d 402, 412 (Ct. App. 2022) (California case resolving the appeal), *review denied* (Feb. 22, 2023), *cert. denied*, 2023 WL 6377900, (U.S. 2023) (mem). The California Supreme Court and the United States Supreme Court denied certiorari. Accordingly, Defendants' request to dismiss the case without prejudice pending resolution of those appeals is moot. *Gunaji v. Macias*, 2001-NMSC-028, ¶ 9, 130 N.M. 734, 31 P.3d 1008 (stating that our appellate courts do not decide moot issues).

(stating that the interpretation of a foreign judgment is a question of law); *see also* *Pinghua Zhao v. Montoya*, 2014-NMSC-025, ¶ 11, 329 P.3d 676 ("Questions of statutory and constitutional interpretation are reviewed de novo.").

{6} Article IV, Section 1 of the United States Constitution requires that "Full Faith and Credit shall be given in each State to the . . . judicial Proceedings of every other State." In other words

> the judgment of a [s]tate court which had jurisdiction of the parties and the subject-matter in suit, shall be given in the courts of every other [s]tate the same credit, validity and effect which it has in the [s]tate where it was rendered, and be equally conclusive upon the merits; and that only such defenses as would be good to a suit thereon in that [s]tate can be relied on in the courts of any other [s]tate.

*Roche v. McDonald*, 275 U.S. 449, 451-52 (1928). New Mexico courts must give the judgments of a sister state full faith and credit, "unless the judgment is void." *Jordan v. Hall*, 1993-NMCA-061, ¶ 5, 115 N.M. 775, 858 P.2d 863. New Mexico courts determine the validity of foreign judgments based on the law of the foreign jurisdiction. *Rubin v. Rubin*, 1995-NMCA-107, ¶ 7, 120 N.M. 592, 904 P.2d 41 (collecting cases supporting this principle); *see also Willis v. Willis*, 1986-NMSC-035, ¶ 6, 104 N.M. 233, 719 P.2d 811 ("To escape the rule that a judgment of a sister state is entitled to full faith and credit . . . we would have to hold that the judgment is void and entitled to no standing even in the state in which it was rendered." (alternations, internal quotation marks, and citation omitted)). However, "a state may apply its own procedural rules [to the domestication of foreign judgments], including

4

statutes of limitations, to actions litigated in its courts without running afoul of the Full Faith and Credit Clause." *Schmierer v. Tribal Tr.*, 2018-NMCA-058, ¶ 21, 427 P.3d 143.

{7}      For New Mexico courts to "give full faith and credit to judgments of other state courts," the foreign judgment must be domesticated into a New Mexico judgment. *Walter E. Heller W., Inc. v. Ditto*, 1998-NMCA-068, ¶¶ 4-5, 125 N.M. 226, 959 P.2d 560. This can be accomplished either by registering the foreign judgment, pursuant to New Mexico's Foreign Judgments Act, NMSA 1978, §§ 39-4A-1 to -6 (1989, as amended through 1994), or by bringing a common law action to enforce the judgment. *Walter E. Heller W., Inc.*, 1998-NMCA-068, ¶ 4. Under the Act, an authenticated foreign judgment may be filed with the clerk of the district court and will have "the same effect and . . . may be enforced or satisfied in [a] like manner" as an original New Mexico judgment. Section 39-4A-3(A); *see id.* (stating that "the clerk *shall* treat" a foreign judgment as a New Mexico judgment). This is true even though the registry of the foreign judgment under the Act by the clerk is mandatory and thus could be considered ministerial. *Wallbro v. Nolte*, 2022-NMCA-027, ¶ 20, 511 P.3d 348 (explaining that a ministerial act is an act, which a public official must perform under the law as opposed to an act dictated by the official's own discretion), *cert. granted* (S-1-SC-38773, Apr. 19, 2022). Similarly, successfully bringing a common law action requires state courts to treat foreign

judgments equal to New Mexico judgments. *Galef v. Buena Vista Dairy*, 1994-NMCA-068, ¶¶ 4-5, 117 N.M. 701, 875 P.2d 1132 (stating that bringing a common law action to domesticate a California judgment in New Mexico converted the "California judgment into a separate New Mexico judgment").

{8} Foreign judgments domesticated in California are also afforded the same force and effect as original judgments in that state. California courts require a foreign judgment to be domesticated before it is enforceable. *Conseco Mktg., LLC v. IFA & Ins. Servs., Inc.*, 164 Cal. Rptr. 3d 788, 792 (Ct. App. 2013). The same processes allowed for domestication of a judgment in New Mexico, registration of the foreign judgment with the clerk of the court or bringing an independent common law action, are permitted in California. *See id.* at 792-93 (stating that the legislative purpose of enacting the SSMJ was to provide a more economical and expeditious option for enforcing a foreign judgment than bringing an independent action); *Casey v. Hill*, 294 Cal. Rptr. 3d 298, 320 (Ct. App. 2022) (stating that before the SSMJ, a judgment creditor "was required to file an original action" to domesticate a judgment, but the Act created "a simpler and more efficient method of enforcing sister state judgments" (alterations, internal quotation marks, and citation omitted)).

{9} Although the registry of a foreign judgment under the SSMJ is ministerial, *Casey*, 294 Cal. Rptr. 3d at 320 (stating that "entry by the clerk of a judgment based upon the application is mandatory . . . , constituting a ministerial act of the clerk"),

a registration of a sister state judgment has "the same force and effect as a judgment originally issued by a California court 'and may be enforced or satisfied in like manner.'" *Id.* (quoting § 1710.35). In other words, under California law, domesticated foreign judgments, whether via independent action or registration under the Act, are treated as original California judgments. *Washoe Dev. Co. v. Guar. Fed. Bank*, 55 Cal. Rptr. 2d 479, 481 (Ct. App. 1996) (explaining that both sister state judgments domesticated by independent action or by registration have "the same effect as an original California money judgment").

{10}     Here, in order to determine whether the California judgment is entitled to full faith and credit in New Mexico, we must first assess whether the California judgment is valid under California law, *see Rubin*, 1995-NMCA-107, ¶ 7, and then determine whether New Mexico procedural rules prohibit domestication of the judgment, *Schmierer*, 2018-NMCA-058, ¶ 21. If New Mexico law would bar the action, then we must determine if the Full Faith and Credit Clause requires recognition of the judgment nonetheless. *Id.* Because, as we explain below, the California judgment is valid and enforceable under New Mexico and California law and is not barred by our statute of limitations, we conclude it must be given full faith and credit in New Mexico.

{11}     California law treats domesticated judgments the same as original judgments, even if domestication was accomplished through a ministerial act such as

registration. *Casey*, 294 Cal. Rptr. 3d at 320. New Mexico courts also treat domesticated judgments as original judgments, even if they were domesticated through a ministerial act. *Walter E. Heller W., Inc.*, 1998-NMCA-068, ¶¶ 4-5. As such, foreign judgments registered in California are valid California judgments under New Mexico and California law and New Mexico courts must give full faith and credit to them so long as they meet the New Mexico procedural requirements. *See Schmierer*, 2018-NMCA-058, ¶ 21 (explaining that a state's obligation to provide full faith and credit to another state's judgments can be limited by procedural rules including statutes of limitations). Here, the California judgment is a valid and enforceable judgment in California and thus a valid and enforceable judgment in New Mexico. *See Rubin*, 1995-NMCA-107, ¶ 7.

{12}     We now turn to the question of whether New Mexico's procedural limitations to domesticating a valid foreign judgment prevent the domestication of the California judgment. "In interpreting statutes, we seek to give effect to the Legislature's intent." *Key v. Chrysler Motors Corp.*, 1996-NMSC-038, ¶ 13, 121 N.M. 764, 918 P.2d 350. In doing so, we look first to the plain language of the statute because the "statute's plain language is the most reliable indicator of legislative intent." *Stennis v. City of Santa Fe*, 2010-NMCA-108, ¶ 10, 149 N.M. 92, 244 P.3d 787. Moreover, we presume that "[t]he Legislature knows how to include language in a statute if it so desires," *State v. Greenwood*, 2012-NMCA-017, ¶ 38, 271 P.3d

8

753 (internal quotation marks and citation omitted), and that a "change from the prior statutory language" indicates an intentional change. *State ex rel. Child., Youth & Fams. Dep't v. T.J.*, 1997-NMCA-021, ¶ 5, 123 N.M. 99, 934 P.2d 293; *see also Tucson Elec. Power Co. v. N.M. Tax'n & Revenue Dep't*, 2020-NMCA-011, ¶ 15, 456 P.3d 1085 (stating that a recent amendment in the language of the statute elaborated on and helped clarify legislative intent).

{13}     At the time Plaintiff sought to domesticate the California judgment, foreign judgments could be domesticated if they were "brought within the applicable period of limitation within that [foreign] jurisdiction, not to exceed fourteen years from the date of the judgment." NMSA 1978, § 37-1-2 (1983, amended 2021). There is no word modifying judgment, and thus the plain language of the statute does not limit the type of judgment to original judgments, but also is sufficiently broad to include a renewal of a judgment such as this one.

{14}     In 2021, the Legislature amended the statute to include the word "original" before the word "judgment." *Compare* § 37-1-2 (1983), *with* § 37-1-2 (2021). As such, the amendment changes the language of the statute so that the statute of limitations for domesticating a foreign judgment runs "from the date of the original judgment upon which it is founded," as opposed to the date of any judgment being domesticated. Section 37-1-2. However, because the California judgment is treated like an original judgment under California law, regardless of which version of the

statute applies, the applicable time frame is ten years, well within the fourteen-year term provided by the statute. Moreover, the new statute does not apply to the current case because it became effective after the case was filed. *See Grygorwicz v. Trujillo*, 2006-NMCA-089, ¶ 11, 140 N.M. 129, 140 P.3d 550. Therefore, New Mexico law does not bar the domestication of the California registration judgment and New Mexico courts must give it full faith and credit under Article IV, Section 1 of the United States Constitution.

**CONCLUSION**

{15} We reverse the district court's determination that the California registration judgment was not entitled to full faith and credit in New Mexico, and remand this matter to the district court on Plaintiff's claim for enforcement to be decided on the merits.

{16} **IT IS SO ORDERED.**

_____
**KRISTINA BOGARDUS, Judge**

**WE CONCUR:**

_____
**GERALD E. BACA, Judge**

_____
**MICHAEL D. BUSTAMANTE, Judge, retired, Sitting by designation**

10