James Lee **PARDEE**, Plaintiff–Appellee,

v.

Lois **MOSTOW**, Defendant–Appellant.

No. 86CA1016.

Colorado Court of Appeals,
Div. IV.

June 23, 1988.

Seigle, Krabacher, Hill & Schiffer, P.C., Thomas C. Hill, Aspen, for plaintiff-appellee.

Dill, Dill & McAllister, Robert T. McAllister, Robert A. Dill, Lucien J. Dhooge, Denver, for defendant-appellant.

CRISWELL, Judge.

This is an appeal from a declaratory judgment holding that plaintiff, James Lee Pardee, was entitled to satisfy a judgment against Arthur Mostow out of tax refund checks made payable to Arthur Mostow and defendant, Lois Mostow. We reverse.

On April 22, 1982, Pardee obtained a judgment against Arthur Mostow, individually. On September 29, 1983, as part of the division of property in a dissolution of marriage action in Illinois, Lois Mostow was granted the sole authority to negotiate federal income tax refund checks due the Mostows and was awarded the proceeds as her sole property.

In November 1985, more than two years later, the Internal Revenue Service mailed two refund checks to a former address of Arthur Mostow at which Pardee was then residing, and Pardee inadvertently opened them. Pardee then placed the checks in the registry of the court and filed this action. After she was notified of the action, Lois Mostow filed documents purporting to register the Illinois dissolution orders in Colorado pursuant to the Uniform Enforcement of Foreign Judgments Act, § 13–53–101, et seq., C.R.S. (1987 Repl.Vol. 6A).

The district court found that both Pardee and Lois Mostow were judgment creditors of Arthur Mostow and, because Pardee's judgment was perfected first, he was entitled to satisfy it out of the proceeds of the tax refund checks.

On appeal, Lois Mostow contends that the court erred because it failed to give full faith and credit to the Illinois order. We agree.

Ill.Rev.Stat., ch. 40, para. 503 (1987) provides, in pertinent part:

"(e) Each spouse has a species of common ownership in the marital property which vests at the time dissolution proceedings are commenced and continues only during the pendency of the action.

Any such interest in marital property shall not encumber that property so as to restrict its transfer, assignment or conveyance by the title holder unless such title holder is specifically enjoined from making such transfer, assignment or conveyance.

(f) A transfer of marital property from one spouse to another in acknowledgment of their respective contributions to the accumulated marital estate, either by agreement or by order of court, is a division of the common ownership of marital property. Such a transfer is not a taxable event."

*See generally In re Questions by District Court entitled Imel v. U.S.*, 184 Colo. 1, 517 P.2d 1331 (1974) (under Colorado law, a spouse has a "species of common ownership" in marital assets that vests upon filing of divorce action).

Pursuant to U.S. Const. art. IV, § 1, the district court was required to give full faith and credit to the Illinois statute, dissolution decree, and property division orders. And, this obligation was unaffected by any provision of the Uniform Enforcement of Foreign Judgments Act, or by Lois Mostow's actions, or failure to act, thereunder. *See Dolin v. Dolin*, 9 Ark.App. 329, 659 S.W.2d 954 (1983) (purpose of this act is to allow a judgment creditor to enforce a foreign judgment against a judgment debtor); *First National v. Mark IV Co.*, 591 S.W.2d 63 (Mo.App.1979) (purpose of act is to substitute statutory procedure for common law right of action in debt, based on foreign judgment).

The Illinois orders made Lois Mostow the sole owner of the tax refund checks long prior to the time that they came into Pardee's possession. Moreover, Pardee's judgment itself did not give to him any interest in the refund checks prior to his possession of the same. *See Routt County Mining Co. v. Stutheit*, 101 Colo. 254, 72 P.2d 692 (1937) (realty); *Robinson v. Wright*, 90 Colo. 417, 9 P.2d 618 (1932) (personalty). Thus, since neither Arthur Mostow, as the judgment debtor, nor Pardee had any interest in the checks at the time they came into Pardee's possession, Pardee could not as-

sert any legitimate right to any of the proceeds of those checks.

In light of our disposition of this issue, we need not address Lois Mostow's other claims of error.

The district court judgment is reversed, and the cause is remanded with directions to enter an order releasing the funds held in the court registry to Lois Mostow.

KELLY, C.J., and BABCOCK, J., concur.