2015 COA 117

Douglas MCCLURE; Nancy McClure;
and Spiral Broadcasting LLC,
Plaintiffs–Appellees,

v.

JP MORGAN CHASE BANK NA,
Intervenor–Appellant.

Court of Appeals No. 14CA1775

Colorado Court of Appeals,
Div. IV.

Announced August 13, 2015

Carl H. Tessler, PC, Carl H. Tessler, Denver, Colorado, for Plaintiffs–Appellees.

Kutak Rock, LLP, John H. Bernstein, Jeremy D. Peck, Denver, Colorado, for Intervenor–Appellant.

Opinion by JUDGE TERRY

¶ 1 Intervenor, JP Morgan Chase Bank NA (Chase), appeals an order declaring that charging orders entered in favor of plaintiffs, Douglas McClure and Nancy McClure and Spiral Broadcasting LLC, have priority over charging orders entered in favor of Chase.

¶ 2 The orders all charge the same debtor's membership interest in Colorado limited liability companies (LLCs). Chase's charging orders were issued by an Arizona state court, and the McClures' charging orders were later issued by a Colorado district

court. Chase served its charging orders on the LLCs before the McClures did so.

¶ 3 As a matter of first impression, we determine that priority of charging orders against membership interests in Colorado LLCs is based on first-in-time service of charging orders that are enforceable in Colorado. Because Chase failed to domesticate its charging orders in this state before serving them, they did not become enforceable here in time to establish priority over the McClures' charging orders. Therefore, we affirm.

## I. Background

¶ 4 The relevant facts are undisputed and reflected in this timeline:

- July 2013: Chase obtained an Arizona judgment of roughly $20 million against Reginald D. Fowler and Spiral, an Arizona corporation.
- November 2013: The Arizona court issued charging orders in favor of Chase, charging Fowler's membership interests in three Colorado LLCs.
- December 2013: The Chase charging orders were served on the LLCs, and the Denver District Court entered an order domesticating Chase's Arizona judgment.
- March 2014: The McClures obtained a $1.5 million judgment in Arizona against Fowler and Spiral.
- April 2014: The McClures domesticated their Arizona judgment in Colorado by filing it in the Arapahoe County District Court.
- May through July, 2014: The Arapahoe County District Court issued charging orders in favor of the McClures, charging Fowler's and Spiral's membership interests in the same Colorado LLCs as those charged in the Chase charging orders, and the McClures served the orders on the LLCs.
- August 2014: The Denver District Court entered an order domesticating Chase's Arizona charging orders.

¶ 5 Faced with the difficulty of determining which of the competing charging orders to honor, the LLCs paid Fowler's distributions into the Arapahoe County District Court registry. After the McClures filed a motion in that court for release of the funds, Chase intervened and opposed the McClures' motion. The district court ruled that because the McClures' charging orders were issued by a Colorado court, they "were the first enforceable charging orders served on the [LLCs] and, hence, they have priority over [Chase's] Arizona charging orders."

## II. Subject Matter Jurisdiction

¶ 6 As an initial matter, because a challenge to the court's subject matter jurisdiction is an issue that can be raised at any time, *Town of Carbondale v. GSS Props., LLC*, 169 P.3d 675, 681 (Colo. 2007), we consider Chase's contention (raised for the first time in its reply brief) that the district court lacked subject matter jurisdiction to settle the priority dispute between the parties. We reject this contention.

¶ 7 Colorado district courts are courts of general jurisdiction in "all civil, probate, and criminal cases" subject to express statutory limitations. Colo. Const. art. VI, § 9; *Wood v. People*, 255 P.3d 1136, 1140 (Colo. 2011). Chase has not identified, and we are not aware of, any statutory limitation on jurisdiction that would apply here. Chase does not dispute that the district court had jurisdiction to enforce the McClures' domesticated judgment or to issue charging orders to the McClures, and Chase intervened in that proceeding for the express purpose of protecting Chase's rights. Therefore, the court had subject matter jurisdiction to decide the parties' priority dispute.

## III. Merits

### A. Whether the Arizona Charging Orders Were Enforceable

¶ 8 A charging order may be issued under section 7–80–703, C.R.S. 2014, against the membership interest of a judgment debtor who is also a member of a limited liability company. The order may be entered by a "court of competent jurisdiction" to "charge" the membership interest "with payment of the unsatisfied amount of the judgment" plus interest on the judgment. § 7–80–703. The McClures' charging orders were issued un-

der this statute, while Chase's charging orders were issued under the comparable Arizona statute, Ariz. Rev. Stat. § 29–655 (2014).

¶ 9 Chase contends that the district court erred when it ruled that Chase's Arizona charging orders were unenforceable in Colorado until they had been domesticated in Colorado. We disagree.

¶ 10 Whether an undomesticated foreign charging order is enforceable in Colorado is a question of law. We review such issues de novo. *Valdez v. People*, 966 P.2d 587, 590 (Colo. 1998).

¶ 11 "Under the Full Faith and Credit Clause of the United States Constitution, Colorado courts have always enforced judgments rendered in foreign jurisdictions *subject to our courts' satisfaction that the judgments were duly rendered.*" *Wells Fargo Bank, Nat'l Ass'n v. Kopfman*, 226 P.3d 1068, 1071 (Colo. 2010) (emphasis added).

¶ 12 The primary methods available to foreign judgment creditors seeking to enforce foreign-state judgments in Colorado are (1) filing a complaint in a Colorado court asserting the existence, details, and enforceability of the foreign judgment; or (2) domesticating the foreign judgment in a Colorado court under the Uniform Enforcement of Foreign Judgments Act (Enforcement Act), §§ 13–53–101 to –108, C.R.S. 2014. *Kopfman*, 226 P.3d at 1071; *see also Griggs v. Gibson*, 754 P.2d 783, 785 (Colo. App. 1988) (Under the Enforcement Act, "the filing of [an] authenticated copy of [a] foreign judgment is ... the equivalent of the entry of an original judgment by the domestic court, and, thus, is a necessary condition precedent to the domestic enforcement of [the] judgment" in Colorado.). Although there are other statutory methods for enforcing foreign-country judgments, *see* §§ 13–62–101 to –112, C.R.S. 2014, and foreign family-support orders, *see* §§ 14–5–101 to—903, C.R.S. 2014, those methods are inapplicable here.

¶ 13 A charging order is a judgment subject to the Enforcement Act. *See* § 13–53–102, C.R.S. 2014 (including orders of courts of the United States in definition of "foreign judgments" entitled to full faith and credit).

¶ 14 Chase argues that its Arizona-issued charging orders are enforceable in Colorado because the Arizona court was a "court of competent jurisdiction" under the Colorado charging order statute, § 7–80–703, and the Arizona charging orders complied with Colorado law. However, unless one of the *Kopfman* procedures has been complied with, foreign charging orders are not enforceable here. Specifically, to enforce a foreign charging order against a Colorado LLC based on domestication, the creditor would have to domesticate the charging order and not just the judgment on which the charging order is based. This is so because the charging order—unlike the judgment on which it is based—requires the Colorado LLC to take action, namely, to pay LLC distributions to the judgment creditor.

¶ 15 Chase did establish the enforceability of the Arizona charging orders by domesticating them here; however, at the relevant time—i.e., before service of the McClures' charging orders—Chase's charging orders were not yet enforceable in this state.

### B. First Party to Serve Colorado-Enforceable Charging Order Has Priority

¶ 16 The next question is: between Chase's first-in-time but (not yet) domesticated Arizona charging orders, on the one hand, and the McClures' later-in-time but Colorado-issued charging orders, on the other hand, which have priority? We review this issue of law de novo. *Valdez*, 966 P.2d at 590.

¶ 17 We hold that the priority of charging orders issued against Colorado LLCs is determined by first-in-time service of charging orders *enforceable in Colorado*. Charging orders that are enforceable in Colorado include both those issued by Colorado courts as well as foreign charging orders that have been domesticated in Colorado courts. *See Kopfman*, 226 P.3d at 1071.

¶ 18 As demonstrated in the Colorado Limited Liability Company Act, §§ 7–80–101 to –1101, C.R.S. 2014, Colorado has an interest in limited liability companies organized in this state, and the priority rule we announce today furthers that interest. *Cf. In re Blix-*

*seth*, 484 B.R. 360, 369 (9th Cir. BAP 2012) ("[W]e are persuaded that because [the debtor's] interests in the LLC and [limited liability limited partnership] were created and exist under, and his creditor's remedies are limited by, Nevada state law, that is sufficient reason to deem [the debtor's] interests to be located in Nevada."); *Koh v. Inno–Pac. Holdings, Ltd.*, 114 Wash.App. 268, 54 P.3d 1270, 1272 (2002) ("[W]here a partnership organizes under the laws of a state, the partnership interest is located within that state."); *see also* Carter G. Bishop, *LLC Charging Orders: A Jurisdictional and Governing Law Quagmire*, J. Bus. Entities, May/June 2010, at *14,*16–17, *available at* 2010 WL 2594393 (noting that state where the charging order is issued is important in enforceability of charging orders against limited liability companies, and describing adverse impacts to those companies based on enforcement of charging orders).

¶ 19 Though Colorado appellate courts have not previously addressed a case involving priority among foreign and domestic charging orders, in *Union Colony Bank v. United Bank of Greeley National Association*, 832 P.2d 1112 (Colo. App. 1992), a division of this court addressed the rule for determining priority between competing Colorado charging orders. United Bank obtained its judgment against the debtor more than a month before Union Colony Bank got its own judgment, but the latter bank served its charging order first on the debtor. *Id.* at 1113–14. The division held that a creditor's lien on a partnership interest attaches on the date of service of a charging order on the partnership, and that the service date establishes priority over a later-served charging order, regardless of the dates of the competing creditors' judgments. *Id.* at 1115. Therefore, the court held that Union Colony's lien had priority over United Bank's lien. *Id.* at 1117.

¶ 20 Citing *Union Colony*, Chase contends that the district court erred in determining that the McClures' later-issued Colorado charging orders had priority over Chase's earlier-issued, but then-undomesticated, Arizona charging orders. According to Chase, *Union Colony* established a rule of first-in-

time, first-in-right for charging orders. We are not persuaded that *Union Colony* established such a rule that would apply to charging orders entered by courts of different states. Both orders in that case were entered by Colorado courts, and the decision's precedential value with respect to enforceability of foreign judgments is accordingly limited.

¶ 21 In the context presented here, *Union Colony*'s first-in-time rule must be viewed through the prism of enforceability established by *Kopfman*. Thus, the first creditor to obtain a charging order that has been rendered enforceable through one of the means discussed in *Kopfman*, 226 P.3d at 1071, is the first in right. Here, the McClures established their primacy as creditors by being the first to obtain Colorado-enforceable charging orders.

¶ 22 Our holding will not unfairly burden foreign judgment creditors because Colorado has a simplified procedure for rendering foreign judgments enforceable in Colorado: domestication under the Enforcement Act. *See Kopfman*, 226 P.3d at 1071. As relevant here, foreign judgment creditors need not anticipate every jurisdiction where their priority might be challenged; but if they seek to establish priority in charging a Colorado LLC, they must follow the *Kopfman* procedures.

¶ 23 Because the McClures were the first to serve charging orders that were enforceable in Colorado, the trial court was correct to declare that the McClures' charging orders had priority over the Chase charging orders.

¶ 24 Further, because we have concluded that that McClures' charging orders have priority over those of Chase, the McClures will not be affected by the Chase charging orders, and we need not address the McClures' argument that the Arizona court lacked authority to enter the charging orders in favor of Chase.

## IV. Full Faith and Credit

¶ 25 Finally, Chase contends that the district court's order constitutes a collateral attack on Chase's Arizona charging orders in

violation of the Full Faith and Credit Clause, U.S. Const. art. IV, § 1. We review this question of law de novo, *Valdez*, 966 P.2d at 590, and disagree with Chase.

■ ¶ 26 The Full Faith and Credit Clause protects the final judgments of one state from collateral attack in another state. *See Marworth, Inc. v. McGuire*, 810 P.2d 653, 655–56 (Colo. 1991). However, no such collateral attack occurred here.

■ ¶ 27 As the Supreme Court has explained,

> Full faith and credit ... does not mean that States must adopt the practices of other States regarding the time, manner, and mechanisms for enforcing judgments. Enforcement measures do not travel with the sister state judgment as preclusive effects do; such measures remain subject to the evenhanded control of forum law.

*Baker ex rel. Thomas v. Gen. Motors Corp.*, 522 U.S. 222, 235, 118 S.Ct. 657, 139 L.Ed.2d 580 (1998).

¶ 28 The trial court did not deny full faith and credit to Chase's Arizona charging orders. It simply and correctly determined the enforceability and priority of the competing states' charging orders, applying the elements described in *Kopfman*, 226 P.3d at 1071.

¶ 29 We are not persuaded to rule otherwise based on *Pardee v. Mostow*, 757 P.2d 1148 (Colo. App. 1988), which is distinguishable from the circumstances here. In *Pardee*, a division of this court held that certain tax refund checks awarded to a wife in an Illinois marriage dissolution order could not later be attached in Colorado by one of her ex-husband's Colorado creditors without running afoul of the Full Faith and Credit Clause. *Id.* However, neither the marriage dissolution order nor the tax refund checks in *Pardee* had any connection with Colorado, whereas here the orders issued by the Arizona court on behalf of Chase required Colorado LLCs to make payments of limited liability company distributions or face possible contempt charges. Subjecting the wife in *Pardee* to the *Kopfman* procedural requirements for obtaining full faith and credit, just so that she could receive the proceeds of the refund checks that had been awarded to her, would have been unfairly burdensome. In contrast, here, it is reasonable to require Chase to domesticate its Arizona charging orders in the state where the charged LLCs are organized in order to obtain priority over beneficiaries of competing charging orders.

## V. Conclusion

¶ 30 The order is affirmed.

Webb and Graham, JJ., concur.