Opinions of the Colorado Supreme Court are available to the
public and can be accessed through the Judicial Branch's homepage at
http://www.courts.state.co.us.  Opinions are also posted on the
Colorado Bar Association's homepage at http://www.cobar.org.

ADVANCE SHEET HEADNOTE

**2017 CO 22**

**No. 15SC816, JPMorgan Chase Bank N.A. v. McClure—Limited Liability
Companies—Membership Interests—Charging Orders—Priority.**

This case concerns the relative priority of competing charging orders filed by
multiple judgment creditors against a foreign judgment debtor's membership interests
in several Colorado limited liability companies.

The supreme court concludes that for purposes of determining the enforceability
of a charging order, a membership interest of a non-Colorado citizen in a Colorado
limited liability company is located in Colorado, where the limited liability company
was formed.  The court further concludes that when, as here, a judgment creditor
obtains a foreign charging order that compels certain action by a Colorado limited
liability company, the charging order is ineffective as against the limited liability
company until the creditor has taken sufficient steps to obligate the company to comply
with that order.  Although the authorities are not uniform as to the steps to be taken,
under any of the applicable scenarios, the charging orders obtained by the petitioner
did not become effective until after the respondents had obtained and served their
competing charging orders.  Accordingly, the court concludes that the respondents'

charging orders are entitled to priority over the petitioner's competing charging orders

and therefore affirms the judgment of the court of appeals.

# The Supreme Court of the State of Colorado

2 East 14th Avenue • Denver, Colorado 80203

## 2017 CO 22

### Supreme Court Case No. 15SC816
*Certiorari to the Colorado Court of Appeals*
Court of Appeals Case No. 14CA1775

### Petitioner:

JPMorgan Chase Bank, N.A., a national banking association,

v.

### Respondents:

Douglas and Nancy McClure, a married couple, and Spiral Broadcasting, L.L.C., an Arizona limited liability company.

### Judgment Affirmed
*en banc*
April 10, 2017

**Attorneys for Petitioner:**
Kutak Rock LLP
John H. Bernstein
Jeremy D. Peck
  *Denver, Colorado*

**Attorneys for Respondents:**
Carl H. Tessler, P.C.
Carl H. Tessler
  *Denver, Colorado*

**JUSTICE GABRIEL** delivered the Opinion of the Court.

¶1 This case principally requires us to decide the relative priority of competing charging orders filed by multiple judgment creditors against a foreign judgment debtor's membership interests in several Colorado limited liability companies.[1]

¶2 We conclude first that for purposes of determining the enforceability of a charging order, a membership interest of a non-Colorado citizen in a Colorado limited liability company is located in Colorado. We further conclude that when, as here, a judgment creditor obtains a foreign charging order that compels certain action by a Colorado limited liability company, the charging order is ineffective as against the limited liability company until the creditor has taken sufficient steps to obligate the company to comply with that order. Although the authorities are not uniform as to the steps to be taken, under any of the applicable scenarios, the charging orders obtained by the petitioner, JPMorgan Chase Bank, N.A. ("Chase"), did not become effective until after the respondents had obtained and served competing charging orders. We thus conclude that the respondents' charging orders are entitled to priority over Chase's competing charging orders.

¶3 Accordingly, we affirm the judgment of the court of appeals.

---

[1] We granted certiorari to review the following issues:

1. Whether the membership interests of a non-Colorado citizen in a Colorado LLC are located in the citizen's home state or in Colorado for purposes of determining the enforceability of charging orders and lien enforcement.
2. Whether the court of appeals erred in holding that the priority of charging orders issued against the membership interests of a non-Colorado citizen in a Colorado LLC is determined by first in time service of either charging orders issued by Colorado courts or foreign charging orders that have been domesticated in Colorado courts.

## I. Facts and Procedural History

¶4 In July 2013, Chase obtained an Arizona judgment of over $20 million against several defendants, including Reginald Fowler, an Arizona resident. As part of its post-judgment collection efforts, Chase obtained Arizona orders charging Fowler's membership interests in three Colorado limited liability companies, Bridgeport Ethanol, LLC, Yuma Ethanol, LLC, and Sterling Ethanol, LLC ("the LLCs").[2]

¶5 On December 3, 2013, Chase served its Arizona charging orders on the LLCs and domesticated its Arizona judgment in the District Court for the City and County of Denver, Colorado, pursuant to the Uniform Enforcement of Foreign Judgments Act, §§ 13-53-101 to -108, C.R.S. (2016). As pertinent here, each of Chase's charging orders provided that until the judgment is paid in full, the LLC (1) "shall make no further Distributions of any kind to Judgment Debtor with respect to his interests" in the LLC and (2) "shall make to [Chase] any and all Distributions to which Judgment Debtor is or would be entitled," with such distributions to be made within three business days following the date on which such distributions would or could have been made to Fowler or within three business days following the date on which Fowler would have been entitled to receive such distributions, whichever date is sooner.

¶6 Subsequently, in March 2014, the respondents, Douglas McClure, Nancy McClure, and Mr. McClure's wholly-owned company, Spiral Broadcasting, L.L.C. (collectively, "the McClures"), obtained a stipulated judgment for $1.5 million against

_____

[2] For convenience, although we have defined the LLCs at issue as "the LLCs," we also follow conventional nomenclature and refer to limited liability companies generally as LLCs.

Fowler, among others, in the Arizona Superior Court. In April 2014, the McClures domesticated their Arizona judgment in the District Court for Arapahoe County, Colorado, and between May and July 2014, they obtained and served Colorado orders charging Fowler's membership interests in the LLCs.

¶7 Now confronted with facially competing charging orders, the LLCs paid Fowler's then-due distributions into the Arapahoe County District Court registry. That same day, the McClures moved for release of the distribution funds to them, and several days later, Chase sought and obtained leave to intervene and opposed the McClures' motion.

¶8 The district court ultimately ordered the distribution funds released to the McClures. In so ruling, the court opined that Chase's domesticated Arizona judgment could only be enforced in Colorado by the means authorized by Colorado law, namely, by obtaining Colorado charging orders or by domesticating the Arizona charging orders.

¶9 Thereafter, on August 21, 2014, nunc pro tunc to August 11, 2014, Chase domesticated its Arizona charging orders in the Denver District Court.[3] Chase then moved for reconsideration of the release order, arguing that its newly-domesticated charging orders should be deemed effective as of the date they were issued in Arizona and that therefore, those orders were entitled to priority over the McClures' competing charging orders.

---

[3] For purposes of this opinion, we will assume that this domestication order was effective as of August 11, 2014.

¶10 The district court, however, again ruled in the McClures' favor. Concluding that Chase's Arizona charging orders were unenforceable in Colorado until they were domesticated, the court ruled that the McClures' charging orders "were the first enforceable charging orders served on the [LLCs] and, hence, they have priority over [Chase's] Arizona charging orders."

¶11 Chase appealed, and in McClure v. JP Morgan Chase Bank NA, 2015 COA 117, ¶ 3, ___ P.3d ___, a unanimous division of the court of appeals affirmed. As pertinent here, the division held that as a matter of first impression in Colorado, the priority of charging orders issued against an out-of-state debtor's membership interests in Colorado LLCs is based on first-in-time service of charging orders that are enforceable in Colorado. Id. Because Chase did not domesticate its charging orders in Colorado before serving them, the division determined that the McClures' later-served but Colorado-issued charging orders had priority over Chase's charging orders. Id. at ¶¶ 2–3.

¶12 Chase then sought, and we granted, certiorari.

## II. Analysis

¶13 We begin by noting the applicable standard of review. We then explain the nature and purpose of charging orders generally, as well as the rules in Colorado for obtaining valid charging orders and determining priority among competing charging orders. Thereafter, we discuss the location of membership interests in Colorado-formed LLCs. We conclude by addressing the effectiveness of Chase's Arizona-issued charging orders and the resulting priorities of the competing charging orders at issue.

5

## A. Standard of Review

¶14 The material facts in this case are undisputed. The legal effect of those facts, including the effectiveness and relative priorities of the parties' competing charging orders, therefore presents a question of law. See Hicks v. Londre, 107 P.3d 1009, 1011 (Colo. App. 2004) (noting that when the controlling facts are undisputed, the legal effect of those facts constitutes a question of law), aff'd, 125 P.3d 452 (Colo. 2005). We review such legal questions de novo. See id. (reviewing de novo the legal question of whether on the undisputed facts presented, the doctrine of equitable subrogation applied).

## B. Charging Orders Generally

¶15 A charging order is a statutorily created remedy that simultaneously (1) allows a judgment creditor to realize the value of a judgment debtor-LLC member's distributional interest in an LLC (i.e., the debtor-member's right to profits and distributions from the LLC) and (2) protects the LLC's ability to continue to operate and the interests of its other members. See 51 Am. Jur. 2d Limited Liability Companies § 23, at 858–59 (2011). Derived from the charging order remedy created for the personal creditors of partners in a partnership, a charging order allows a judgment creditor of an LLC member to obtain and enforce a lien on the "economic value that flows from membership in an LLC." Id. at 859. The lien attaches to the judgment debtor's distributional interest and diverts to the judgment creditor, until the judgment is satisfied, the right to receive any distributions that would otherwise have been paid to the debtor-member. Id. To the extent the debtor-member's interest is charged, however, the judgment creditor obtains only the rights of a transferee or assignee. See,

6

e.g., Ariz. Rev. Stat. § 29-655(A) (2016); § 7-80-703, C.R.S. (2016). Accordingly, the judgment creditor has no right to compel a distribution or otherwise participate in the LLC's management. See § 7-80-702(1), C.R.S. (2016) ("Unless the assignee or transferee [of an LLC member's interest] is admitted as a member [of the LLC], the assignee or transferee shall only be entitled to receive the share of profits or other compensation by way of income and the return of contributions to which that member would otherwise be entitled and shall have no right to participate in the management of the business and activities of the [LLC] or to become a member.").

¶16     Under Colorado law, the lien created by a charging order generally attaches at the time the order is served on the LLC. See Union Colony Bank v. United Bank of Greeley Nat'l Ass'n, 832 P.2d 1112, 1115 (Colo. App. 1992) (discussing charging orders in the partnership context). That charging order is then typically entitled to priority over later-served charging orders, regardless of the order in which the competing creditors' judgments were entered. See id.[4]

¶17     With these general principles in mind, we now consider the location of the LLC membership interests at issue and whether Chase's charging orders were effective to establish priority over the McClures' competing orders.

---

[4] In its opening brief, Chase conceded that the relative priorities of competing charging orders are ordinarily based on the principle of "first in time, first in right."

## C. Location of Colorado LLC Membership Interests

¶18 Because the location of Fowler's membership interests may impact the enforceability of the charging orders at issue and, thus, their relative priorities, we first address the location of those membership interests.

¶19 A membership interest in an LLC constitutes the personal property of the member. See Ariz. Rev. Stat. § 29-732(A) (2016); § 7-80-702(1), C.R.S. (2016). Courts have divided, however, as to where this intangible property interest lies.

¶20 In Wells Fargo Bank, N.A. v. Barber, 85 F. Supp. 3d 1308, 1314 (M.D. Fla. 2015), for example, the court stated, with little analysis, that a membership interest in an LLC is intangible personal property that accompanies its owner.

¶21 In Koh v. Inno-Pacific Holdings, Ltd., 54 P.3d 1270, 1271–72 (Wash. Ct. App. 2002), in contrast, the court, relying on cases involving the situs of partnership interests, concluded that a member's interest in an LLC is located where the LLC was formed.

¶22 Resolving this long-standing debate has yielded no easy answer. As Justice Cardozo observed long ago:

> The situs of intangibles is in truth a legal fiction, but there are times when justice or convenience requires that a legal situs be ascribed to them. The locality selected is for some purposes, the domicile of the creditor; for others, the domicile or place of business of the debtor, the place, that is to say, where the obligation was created or was meant to be discharged; for others, any place where the debtor can be found. At the root of the selection is generally a common sense appraisal of the requirements of justice and convenience in particular conditions.

Severnoe Sec. Corp. v. London & Lancashire Ins. Co., 174 N.E. 299, 300 (N.Y. 1931) (citations omitted).

8

¶23    Here, for two reasons, we agree with the Koh court that for purposes of determining the enforceability of a charging order, a member's membership interest is located where the LLC was formed.

¶24    First, given that a charging order is a mechanism by which a judgment creditor may enforce its judgment by requiring an LLC to redirect the debtor-member's distributions to the creditor, as a practical matter, the charging order is directed to the LLC. Accordingly, we deem it more appropriate to place the membership interest in the state in which the LLC, and thus the membership interest, was created, as opposed to in whatever state the debtor-member happens to be domiciled at a given time. See Koh, 54 P.3d at 1271–72; see also Carter G. Bishop & Daniel S. Kleinberger, Limited Liability Companies: Tax & Business Law ¶ 5.14[2][c][iii] (2017) ("A member's interest in an LLC is personal property and, moreover, intangible property. For purposes of jurisdiction, that property must be 'located' somewhere. According to partnership precedent, the proper location is the state whose LLC act created the entity (and thereby gave rise to the interest)."); Carter G. Bishop, LLC Charging Orders: A Jurisdictional & Governing Law Quagmire, 12 No. 3 Bus. Entities 14, 21 (May/June 2010) (same).

¶25    Second, in our view, justice and convenience militate in favor of locating the membership interest in the state in which the LLC was formed. To conclude otherwise (i.e., that the interest lies wherever the debtor happens to be domiciled) could result in substantial uncertainty and confusion. Consider, for example, a hypothetical scenario in which Fowler resided in New York, rather than Arizona, at the time the Arizona judgments were entered. If his membership interests were deemed to be located with

9

him, then the case would involve an Arizona judgment that presumably would be domesticated in New York, followed by the issuance of New York charging orders that would be served on the Colorado LLCs. Such a scenario would understandably give the LLCs pause as to which, if any, of the foregoing orders were binding on them, particularly given the LLCs' or their members' or managers' potential liability were they to misdirect member distributions. See §§ 7-80-404, (detailing the duties that LLC members and managers owe to the LLC), 7-80-504 (providing that distributions of cash or other assets of an LLC shall be allocated among the members and among classes of members on the basis of value of the contributions made by each member), C.R.S. (2016); LaFond v. Sweeney, 2012 COA 27, ¶ 38, 345 P.3d 932, 939 (noting that members of an LLC owe each other fiduciary duties), aff'd, 2015 CO 3, 343 P.3d 939. And this scenario could become even more uncertain were Fowler to move to a different state while the judgment creditors were seeking to enforce their judgments against him.

¶26 In our view, such a scenario could place a substantial burden on the LLCs, contrary to the above-noted purpose of a charging order, which is to allow a judgment creditor to proceed against a debtor-member's membership interest without impairing the LLC's ability to continue to operate or the interests of its other members. See 51 Am. Jur. 2d Limited Liability Companies at 858–59.

¶27 For these reasons, we believe that justice and convenience favor placing the membership interest in the LLC's state of formation, which is fixed, rather than placing it in the state of the debtor's domicile, which may not be.

10

¶28    Accordingly, we conclude that the membership interests at issue are located in Colorado, where the LLCs were formed. With that understanding, we proceed to address the priority of the charging orders at issue.

## D.  Priority of the Charging Orders at Issue

¶29    Chase sought and obtained its charging orders pursuant to section 29-655 of the Arizona Limited Liability Company Act, Ariz. Rev. Stat. §§ 29-601 to -858 (2016). That section provides, as pertinent here:

> On application to a court of competent jurisdiction by any judgment creditor of a member, the court may charge the member's interest in the limited liability company with payment of the unsatisfied amount of the judgment plus interest. To the extent so charged, the judgment creditor has only the rights of an assignee of the member's interest.

§ 29-655(A).

¶30    As an initial matter, the McClures assert that Chase's charging orders were not validly issued under Arizona law and that therefore, the orders were invalid and incapable of establishing lien priority in Colorado. Specifically, the McClures aver that the Arizona court could not issue charging orders against Fowler's interests in Colorado LLCs because section 29-655's charging order provisions apply only to LLCs organized under Arizona law. See Ariz. Rev. Stat. § 29-601(6) (2016) (defining "limited liability company" to mean a limited liability company organized and existing under "this chapter"). We, however, need not decide this question because, as we proceed to discuss, even assuming that Arizona law authorizes charging orders against interests in foreign (i.e., non-Arizona) LLCs, we ultimately conclude that Chase's charging orders are not entitled to priority over the McClures' orders.

11

¶31     Chase principally contends that the division erred in determining that Chase's charging orders were unenforceable until domesticated in Colorado. Chase argues, instead, that a court with jurisdiction over the debtor-member (here, the Arizona court) may issue a valid and enforceable charging order against the debtor's economic interests in an LLC, regardless of where the LLC is organized. We are not persuaded.

¶32     Central to Chase's argument is the notion that the Arizona charging orders were simply liens on Fowler's right to receive distributions from the LLCs and thus were directed at Fowler, not the LLCs. Chase's argument, however, does not adequately consider the fact that the charging orders at issue not only served as liens on Fowler's right to receive distributions but also specifically ordered the LLCs to act, namely, to pay to Chase any distributions to which Fowler was or would be entitled and to do so within specified time frames. Cf. Shanghai Real Estate Ltd. v. Greenberg, No. LLICV104011273S, 2014 WL 660624, at *1–2 (Conn. Super. Ct. Jan. 28, 2014) (rejecting judgment debtors' jurisdictional challenge to orders charging their interests in several foreign LLCs because the orders were directed to the judgment debtors only and "[did] not order the foreign companies to do anything") (emphasis added).

¶33     In our view, this distinction is material because it impacts the enforceability of the charging orders and, in turn, the relative priority of Chase's orders vis-à-vis the McClures' competing orders.

¶34     Specifically, as the division below observed, determining the relative priorities of the competing charging orders requires us to ascertain when each order became effective or enforceable. See McClure, ¶ 21. This is because any assessment of the

12

relative priorities of competing charging orders mandates comparing only effective and enforceable orders to one another (assuredly, an unenforceable or ineffective order could not take priority over an enforceable, effective one). See Union Colony, 832 P.2d at 1115–17 (concluding that the district court had erred in issuing a judgment creditor's charging order nunc pro tunc to the date of that creditor's earlier writ of garnishment and determining priority between competing charging orders based on those orders' effective dates).

¶35      To be enforceable and effective, a charging order that compels an LLC to act must bind the LLC such that ignoring the order would subject the LLC to remedial action. See Bishop, LLC Charging Orders, 12 No. 3 Bus. Entities, at 21. To hold otherwise would be to suggest that the charging order is effective even though it has no legal force against the LLC.

¶36      The question thus becomes what a judgment creditor must do to render a charging order effective as against an LLC from which the order compels action. In our view, the answer to this question turns on one's view as to the nature of the jurisdiction being exercised by the court issuing the charging order—namely, personal jurisdiction over the member, in rem jurisdiction over the membership interest to be charged, or personal jurisdiction over the LLC itself. See id.

¶37      Before addressing these possibilities, however, we note that the parties do not allege, nor does the record contain any evidence to suggest, that the LLCs are registered to do business in Arizona, in fact do business in Arizona, or have any connection to Arizona other than that one of their members was sued in Arizona and had judgments

13

entered against him there. We proceed to address each jurisdictional scenario with that understanding.

¶38 First, assuming without deciding that our analysis should be premised on the trial court's personal jurisdiction over Fowler, we do not see how such an exercise of jurisdiction by an Arizona court could force the Colorado LLCs to act, thereby rendering the charging orders at issue effective or enforceable against the LLCs.

¶39 Second, given that the membership interests to be charged are located in Colorado, the court's exercise of in rem jurisdiction also would not assist Chase here. Specifically, the parties have cited no applicable authority suggesting that an Arizona state court may exercise in rem jurisdiction over a Colorado res, nor have we seen such authority. Indeed, the authority that we have seen is to the contrary. See generally 1B Cathy Stricklin Krendl, Colo. Methods of Practice § 24:12, at 385 (6th ed. 2010) (noting that in rem jurisdiction allows a state to exercise jurisdiction over property located within the state's boundaries); 4A Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure § 1070, at 291 (2002) (noting that one of the requirements of in rem jurisdiction is that the property be within the court's jurisdiction at the time of suit). Accordingly, in an in rem jurisdiction scenario, a charging order would not be enforceable against a Colorado LLC unless it was issued by a Colorado court (i.e., a court in the state in which the LLC (and, thus, the membership interest at issue) was formed).

¶40 Here, as noted above, Chase did not obtain Colorado charging orders based on a domesticated foreign judgment. Instead, Chase domesticated its Arizona judgment and

then domesticated its Arizona charging orders.  Although it is unclear whether Chase's actions could properly be deemed the equivalent of obtaining Colorado charging orders based on a domesticated foreign judgment, even if they could, Chase would not have obtained enforceable Colorado charging orders until, at the earliest, August 11, 2014 (i.e., when it domesticated its Arizona charging orders), which was after the McClures had obtained and served effective and enforceable charging orders on the LLCs.

¶41   Finally, assuming without deciding that our analysis should be premised on whether the district court properly exercised personal jurisdiction over the LLCs, we note that if an LLC is not subject to personal jurisdiction in the state in which the judgment was entered and the creditor seeks a charging order, then the creditor must engage in a two-step process to obtain an effective charging order: "(1) Domesticate the money judgment in the LLC's state of formation [and] (2) Seek a charging order from a competent court in that state."  Bishop, LLC Charging Orders, 12 No. 3 Bus. Entities, at 21.  After doing so, "[t]he LLC would be clearly bound by the order, and ignoring it would invite a contempt penalty."  Id.

¶42   In this scenario, Chase would have needed to domesticate the Arizona judgment in Colorado and then to obtain and serve Colorado charging orders.  Again assuming without deciding that domesticating the Arizona judgment and then domesticating the Arizona charging orders would suffice to satisfy these requirements, Chase did not

acquire effective charging orders until, at the earliest, August 11, 2014, when it domesticated its Arizona charging orders in Colorado.[5]

¶43　For these reasons, whether we analyze this case as implicating either in rem jurisdiction over Fowler's membership interests or personal jurisdiction over the LLCs, Chase's charging orders did not become effective until, at the earliest, August 11, 2014, which was after the McClures had obtained and served effective charging orders on the LLCs.

¶44　Accordingly, we agree with the division that the McClures' charging orders had priority over Chase's later-effective charging orders.　See Union Colony, 832 P.2d at 1115–17.

## III. Conclusion

¶45　For these reasons, we affirm the judgment of the court of appeals.

---

[5] One commentator has noted that personal jurisdiction over the LLC may not be required because in complying with a charging order, "the LLC is simply carrying out an order rendered by any court of jurisdiction." Id. Under this view, the LLC need only assure itself that the court had jurisdiction to enter the order against the debtor-member, and the judgment creditor's domestication of that order in the LLC's state of formation would likely provide the requisite assurance. See id. Thereafter, service of the foreign state's charging order on the LLC would likely be deemed sufficient. See id. Like the above-described scenarios, however, this approach would not assist Chase here because even if it were enough for Chase to domesticate and serve the Arizona charging orders, it did so, at the earliest, on August 11, 2014, after the McClures obtained and served their charging orders.